UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS, on behalf
of himself and a class of
others similarly situated,

          Case No. 14-12791

          HON. AVERN COHN

      Plaintiffs,

v.

CITY OF DETROIT,

      Defendant.
_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT (Doc. 17)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Lavaron Morris is a Michigan prisoner confined at the Muskegon Correctional Facility. In his pro se complaint, he challenged the Detroit Police Department's "inhumane and unlawful system for detaining persons under the Department's control" incommunicado and subjecting them to "torturous mistreatment in order to accomplish unjust ends," "on behalf of himself and a class of others similarly situated." On October 22, 2014, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) because it did not contain sufficient facts to support a plausible claim for relief. (Doc. 10).

Before the Court is Morris' motion to supplement the complaint. (Doc. 17). As will be explained, this is the third of such motions Morris has filed since the case was

closed.  For the reasons that follow, the motion is DENIED.

## II.

After the Court dismissed the complaint, Morris filed two motions under Fed. R. Civ. P. 15(d), filed December 29, 2104 and January 23, 2015 respectively.  (Docs. 13 and 14).  In the motions, Morris sought to amend and/or supplement the complaint with additional factual allegations.[1]

The Court denied both motions, explaining:

> Morris' motions are an attempt to cure the deficiencies in the original complaint.  The Sixth Circuit, however, has held that, in prisoner cases where the plaintiff is proceeding in forma pauperis, as was Morris, "[t]he district court must dismiss a complaint without first affording a plaintiff leave to amend."  Bright v. Thompson, No. 11–5732, 2012 WL 833662, at *1 (6th Cir. March 13, 2012) (citing Benson v. O'Brian, 179 F.3d 1014, 1015–16 (6th Cir.1999)).  See also Cantley v. Armstrong, No. 09–1092, 2010 WL 3245548, at * 1 (6th Cir.2010) ( "district courts are not to permit plaintiffs to amend a complaint to avoid dismissal"); Shorter v. Campbell, 59 F. App'x 673, 675 (6th Cir.2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir.1997); Ashley v. Wilson, No. 10–10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit in forma pauperis to amend their complaint to avoid sua sponte dismissal...."); Corrion v. Ludwick, No. 09–11531, 2009 WL 3273737, at *1 (E.D.Mich. Oct.13, 2009) ("prisoners may not alter or amend their complaints to avoid a summary dismissal"); McGore v. Lutz, No. 09–13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009).

(Doc. 16).

The same is true of Morris third motion to supplement the complaint.  Morris cannot amend his complaint to avoid or alter the dismissal.  As previously explained in the order dismissing the complaint and order denying his motions to supplement, should Morris wish to pursue his claims, he must file a new complaint which contains detailed

---

[1]The motions also named additional defendants beyond the City of Detroit.

statements as to his specific circumstances and the basis for his claims. **The new complaint must be given a new case number. Morris cannot file a new complaint using the case number in this case.**

    SO ORDERED.

                         S/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: February 25, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 25, 2015, by electronic and/or ordinary mail.

                         S/ Karri Sandusky for Sakne Chami
                         Case Manager, (313) 234-5160